UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHNNY L. THOMAS, JR. and<br>MARSHA A. THOMAS, his wife<br><br>Plaintiffs,<br><br>vs.<br><br>MARTY REED d/b/a/ MARTY REED<br>TRUCKING et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)    Case No. 4:05CV00472 ERW<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Plaintiffs' Motion for Remand to the Circuit Court of the City of St. Louis, Missouri [doc. #7].

**I.    BACKGROUND FACTS**

On December 4, 2002, Plaintiffs Johnny Thomas and Marsha Thomas ("Plaintiffs") filed suit against Defendants Marty Reed Trucking, Walt's Drive-A-Way Service, Inc., Thomas L. Stone, Jr., State Farm Insurance Company, and John Doe ("Defendants") in the Circuit Court of the City of St. Louis. Plaintiffs' claim is for personal injuries sustained by Johnny Thomas and for loss of consortium claimed by his wife, Marsha Thomas, as a result of a motor vehicle accident. On February 28, 2005, the state court issued an order dismissing State Farm Insurance Company ("State Farm") from the action. On March 23, 2005, the remaining Defendants filed a Notice of Removal in this Court, indicating that all remaining Defendants are diverse from the Plaintiffs and

1

stating that the amount in controversy exceeds $75,000.

In its Motion, Plaintiffs argue that this matter must be remanded to state court because Defendants' Notice of Removal was filed more than one year after the date the action was commenced. In opposing the Motion, Defendants argue that an equitable exception to the one-year limitation period applies in this case because State Farm, a non-diverse defendant, was fraudulently joined.

## II. STANDARD FOR FEDERAL JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If a federal court takes action in a dispute over which it lacks subject matter jurisdiction, that action is a nullity. *See American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951); *Hart v. Terminex Int'l*, 336 F.3d 541, 541-42 (7th Cir. 2003) (stating that it was "regrettable" that the case had to be dismissed for lack of subject matter jurisdiction "rendering everything that has occurred in [the] eight years [of litigation] a nullity"). A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. *Peters v. Union Pacific R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied. *In re Business Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993). Because the removal statutes impede upon states' rights to resolve controversies in their own courts, such statutes must be strictly construed. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002).

## III. DISCUSSION

The issue before the Court concerns whether Defendants may remove this action to this Court on the basis of diversity jurisdiction even though Defendants received the initial pleading in this matter more than one year ago.[1] Ordinarily, a civil action may be removed to federal court upon the filing of a notice of removal within thirty days of the defendant's receipt of the initial pleading. 28 U.S.C. § 1446(b). In the event that the case as stated by the initial pleading is not removable, the case may nonetheless be removed at some later time if the defendant is able to ascertain that the case is one which has become removable. *Id.* However, in any event, "a case may not be removed on the basis of [diversity jurisdiction][2] more than 1 year after commencement of the action." *Id.* In the instant case, the initial pleading was filed on December 4, 2002, and Defendants received notice within sixty days thereof. The Notice of Removal was filed on March 23, 2005, well outside of the one-year limitation period set forth in § 1446(b).

Defendants acknowledge the one-year limitations period set forth in § 1446(b), but argue that this Court should nonetheless permit removal because § 1446(b) is subject to an equitable exception. In support of this argument, Defendants cite to *Tedford v. Warner-Lambert Company*, 327 F.3d 423 (5th Cir. 2003). In *Tedford*, the defendant removed the case to federal court on the

---

[1] In addition to diversity jurisdiction, federal courts also have jurisdiction over cases which present questions of federal law. In this case, however, neither party claims that there are any issues of federal law. The parties agree that the only possible basis for this Court's jurisdiction is diversity of citizenship.

[2] 28 U.S.C. § 1332(a)(1) states:
The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between
    (1) citizens of different States . . . .

basis of diversity jurisdiction ten days after the expiration of the one-year limit. In opposing the plaintiff's motion to remand, the defendant argued that the plaintiff's clear forum manipulation, including her last-minute joinder and non-suit of a defendant, justified the application of an equitable exception to the one-year limit on removal. *Id.* at 425. The *Tedford* court agreed that the plaintiff's actions justified an equitable exception and that the plaintiff should be estopped from seeking to remand the case on the basis of the one-year limit. *Id.* at 428. Defendants do not point to any Eighth Circuit cases which address this issue, and this Court has found none. This Court, however, need not determine whether there is an equitable exception to § 1446's one-year limit. Even assuming *arguendo* that such an exception exists, Defendants have clearly failed to demonstrate that the circumstances of this case warrant the application of any equitable exception to the one-year period.[3] Therefore, the Court finds that Defendants have no statutory right of removal under the circumstances of this case and that the case must be remanded to the state court from which it was removed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Remand to the Circuit Court of

---

[3] Defendants state that State Farm was fraudulently joined in an effort to defeat federal diversity jurisdiction. The only factual support Defendants offer for this claim is that Plaintiffs did not file a written response to State Farm's Motion to Dismiss and that State Farm was subsequently dismissed by the state court on February 28, 2005. According to Defendants, "[t]he dismissal of State Farm by the court for Plaintiffs' failure to state a claim demonstrates that State Farm was a fraudulently joined non-diverse defendant." Def. Mem. in Opp. ¶ 5. Contrary to Defendants' conclusory statements, there is no indication that State Farm was fraudulently joined. Instead, it appears that Plaintiffs believed they had a valid cause of action against State Farm at the time they filed suit. *See* Pls' Reply ¶¶ 4-9. There is simply no indication that Plaintiffs engaged in forum manipulation or took any other actions warranting application of an equitable exception to the one-year limitation period.

4

the City of St. Louis, Missouri [doc. #7] is **GRANTED**.

An appropriate Order of Judgment shall accompany this Order.

Dated this 12th day of May, 2005.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE